JAMES M. CRUMP, administrator, plaintiff in error, *vs.* MARION W. WILLIAMS, defendant in error.

1. An administrator cannot be allowed to violate the law in the management of an estate, and then be heard to say, in response to a rule to show cause why his letters should not be revoked, that such violation was for the benfit of the estate.

2. In such a proceeding against an administrator *it* was *error* to charge that the jury should find for the movant if the respondent, or his securities, were likely to become insolvent. A removal on that ground is discretionary with the ordinary, and the jury, on appeal, should exercise the same discretion.

3. *An immaterial error is no ground of new trial.*

Administrators and executors.   New trial.   Before Judge RICE.   Franklin Superior Court.   April Term, 1876.

Reported in the decision.

Crump *vs.* Williams.

J. B. Estes; J. F. Langston, for plaintiff in error.

S. P. Thurmond, for defendant.

Warner, Chief Justice.

This was an appeal from the court of ordinary of Franklin county, on a rule to show cause why Crump, administrator *de bonis non*, with the will annexed, of Johnson Williams, deceased, should not be removed as administrator aforesaid, on the several grounds therein set forth. On the trial of the appeal in the superior court, the jury, under the charge of the court, found a verdict in favor of the movant; whereupon the administrator made a motion for a new trial on various grounds, which was overruled by the court, and the administrator excepted.

1. There is no conflict in the evidence that the administrator did not manage the estate as directed by the will of the testator, or in accordance with the requirements of the law, but it is insisted in his behalf, that although that may be so, still the estate was not injured, but on the contrary was benefitted by the illegal acts of the administrator. This defense by the administrator is not sufficient to prevent his removal under the provisions of the 2511th section of the Code. An administrator cannot be allowed to violate the public law of the state in the management of the estate estrusted to him, and then be heard to say that such violation of the law was for the benefit of that estate, when called on to show cause why his letters of administration should not be revoked.

2. The court erred, in our judgment, in charging the jury, "that if either the defendant or his securities are likely to become insolvent, then they should find for the plaintiff." The removal of the administrator on that ground was discretionary with the ordinary, and the court should have charged the jury that they might so find.

3. But inasmuch as the uncontradicted evidence in the record is such as to require the verdict rendered by the jury,

on the other grounds alleged for the removal of the administrator, notwithstanding the aforesaid error, we will not disturb it.

Let the judgment of the court below be affirmed.